UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CHARLES R. RESNICK

CASE NO. 8:19-cr-154-T-35AAS
18 U.S.C. § 1343
26 U.S.C. § 7206(1)

INDICTMENT

The Grand Jury charges:

**COUNTS ONE THROUGH SIX**
(Wire Fraud – 18 U.S.C. § 1343)

At times material to this Indictment:

A. Introduction

1. CHARLES R. RESNICK served as a consultant for the Center for the Advancement of Science in Space (CASIS), which managed the U.S. National Laboratory known as the International Space Station. RESNICK then served as Director of Economic Valuation and later as Chief Economist for CASIS, which was funded by the National Aeronautics and Space Administration (NASA). NASA was a part of the Executive Branch of government of the United States of America.

2. CASIS's funding, including operating expenses and travel reimbursements, came from NASA through "drawdowns" or replenishments made by NASA to CASIS bank accounts.

3. CASIS reimbursed ordinary, necessary, and reasonable travel expenses and related expenses for its employees for properly-authorized travel that was directly connected with CASIS. For each trip, an employee was required to truthfully prepare and submit the following:

    a. Travel Authorization, also called a Travel Authorization Request, upon which the employee would truthfully disclose his reason for travel and the potential cost;

    b. Trip Planning, which involved the making of all travel arrangements either through a CASIS's representative or directly by the employee; and

    c. Trip Reconciliation and Expense Reimbursement, which was required to be submitted after each trip and substantiated by receipts, and which was frequently submitted electronically.

4. Expenses incurred for escorts, prostitutes, and commercial sexual activities were not part of the ordinary, necessary, and reasonable travel expenses or related expenses for which employees could be reimbursed.

### B. The Scheme

5. From an unknown date, but at least as early as in or about 2011, and continuing through at least in or about February 2015, in the Middle District of Florida, and elsewhere, the defendant,

CHARLES R. RESNICK,

did knowingly and willfully devise and intend to devise a scheme and artifice

(a) to defraud; and

(b) for obtaining money and property by means of false and fraudulent pretenses, representations, and promises relating to material facts.

### C. Manner and Means of the Scheme

6. The manner and means by which RESNICK sought to accomplish his scheme included, among others, that RESNICK would and did

    a. arrange to meet escorts and prostitutes in various locations, including in Europe (e.g., London) and in the United States of America (e.g., New York City);

    b. fabricate and caused to be fabricated documents, including hotel letters, and altered and cause to be altered other documents, including receipts, in order to arrange and conceal meetings with escorts and prostitutes;

c. submit and cause to be submitted materially false and fraudulent Travel Authorization Requests for trips to be taken for the purpose, in whole or in part, of meeting with escorts and prostitutes in various locations;

d. conduct Trip Planning for trips to be taken for the purpose, in whole or in part, of meeting with escorts and prostitutes in various locations;

e. submit and cause to be submitted materially false and fraudulent Trip Reconciliation and Expense Reimbursement requests to obtain funds from CASIS that were drawn down from NASA;

f. falsely and fraudulently alter, modify, redact, black out, and fabricate documents to conceal from CASIS escort and prostitution activity related to travel and travel expenses;

g. provide materially false and fraudulent information about the purpose of travel, activities on trips, and the expenditure of funds for which RESNICK requested CASIS reimbursement;

h. receive and caused to be received CASIS reimbursements for travel expenses and related expenses incurred in connection with escort and prostitution activities; and

i.  misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of acts done in furtherance of the scheme.

D.  Executions of the Wire Scheme

7.  On or about the dates listed below, for the purpose of executing the aforementioned scheme and artifice

(a)  to defraud; and

(b)  for obtaining money and property by means of false, fictitious and fraudulent pretenses, representations and promises relating to material facts,

CHARLES R. RESNICK,

the defendant, did knowingly transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, the following writings, signs, signals, pictures and sounds:

| Count | On or About Date | Nature of the Wire |
|---|---|---|
| One | October 10, 2011 | Email from Defendant Charles Resnick to P.J., subject: "Letter from Hotel to show your parents for the London Trip. Dopis Hotel ukazat svym rodim na cestu v Londyn." |
| Two | February 12, 2014 | Defendant Charles Resnick caused the transmission, via wire, from CASIS in Florida to Bill.com in California of a reimbursement request related to travel to Frankfurt, Germany |

| Three | February 13, 2014 | Defendant Charles Resnick caused the transmission, via wire, from CASIS in Florida to Bill.com in California of a reimbursement request related to travel to Frankfurt, Germany |
|---|---|---|
| Four | March 20, 2014 | Defendant Charles Resnick caused the transmission, via wire, from CASIS in Florida to Bill.com in California of a reimbursement request related to travel to Paris, France |
| Five | December 16, 2014 | Email from Defendant Charles Resnick to E.B., subject: "UN Tour" |
| Six | February 4, 2015 | Defendant Charles Resnick caused the transmission, via wire, from CASIS in Florida to Bill.com in California of a reimbursement request related to travel to New York, New York |

All in violation of 18 U.S.C. § 1343.

**COUNTS SEVEN THROUGH TEN**
(Making and Subscribing a False Return,
Statement, or Other Document – 26 U.S.C. § 7206(1))

At times material to this Indictment:

A. Introduction

1. CHARLES R. RESNICK was a resident of the Middle District of Florida.

2. On January 5, 2006, CHARLES R. RESNICK filed the Articles of Organization for Resnick Enterprises, LLC, with the State of Florida. The principal address for the corporation was 4407 Charleston Court, Tampa, Florida 33609. RESNICK served as the managing member for the company.

3. The Internal Revenue Service (IRS) was an agency of the United States Department of the Treasury. The IRS had the responsibility for the assessment, ascertainment, computation, and collection of federal income taxes, including individual income taxes.

4. Each United States citizen, resident alien, legal permanent resident, and other person, who made a certain amount of income, had an obligation to honestly prepare and file a federal income tax return (e.g., Form 1040) disclosing, among other things, the filer's true income. Typically, a taxpayer's income came from wages, salary, tips and, if the taxpayer owned a company, from income reported on Schedule C of his tax return. RESNICK reported the income for Resnick Enterprises, LLC, on Schedule C of his Forms 1040.

5. A taxpayer could deduct certain business-related expenses, such as for travel, meals, and other legitimate business expenditures. However, a taxpayer could not properly deduct those expenses if he had been reimbursed for them, unless the taxpayer reported the reimbursement as part of his income.

6. A taxpayer could not deduct expenses for escorts and prostitution as business-related expenses.

## Count Seven

7. On or about October 14, 2011, in the Middle District of Florida and elsewhere, the defendant,

CHARLES R. RESNICK,

did willfully make and subscribe a 2010 U.S. Individual Tax Return, IRS Form 1040, filed with the Internal Revenue Service, which was verified by a written declaration that it was made under the penalties of perjury, and which said Form 1040 he did not believe to be true and correct as to every material matter, in that RESNICK materially understated his total income (line 22) by approximately $73,665 through

(1) understating his gross receipt or sales (line 1) on Schedule C for Resnick Enterprises, LLC, by approximately $44,000 and

(2) overstating his deductions for his travel, meals and entertainment (lines 24a and 24b) by approximately $29,665, or understating his total income by approximately that amount by failing to report his travel-related reimbursements as part of his income.

## Count Eight

8. On or about October 15, 2012, in the Middle District of Florida and elsewhere, the defendant,

CHARLES R. RESNICK,

did willfully make and subscribe a 2011 U.S. Individual Tax Return, IRS Form 1040, filed with the Internal Revenue Service, which was verified by a written declaration that it was made under the penalties of perjury, and which said Form 1040 he did not believe to be true and correct as to every material matter, in that RESNICK materially understated his total income (line 22) by approximately $116,995 through

  (1)  understating his gross receipt or sales (line 1) on Schedule C for Resnick Enterprises, LLC, by approximately $53,334 and

  (2)  overstating his deductions for his travel, meals and entertainment (lines 24a and 24b) by approximately $63,621, or understating his total income by approximately that amount by failing to report his travel-related reimbursements as part of his income.

### Count Nine

9. On or about October 15, 2013, in the Middle District of Florida and elsewhere, the defendant,

CHARLES R. RESNICK,

did willfully make and subscribe a 2012 U.S. Individual Tax Return, IRS Form 1040, filed with the Internal Revenue Service, which was verified by a written declaration that it was made under the penalties of perjury, and which said Form 1040 he did not believe to be true and correct as to every material

matter, in that RESNICK materially understated his total income (line 22) by approximately $209,916 through

    (1)    understating his gross receipt or sales (line 1) on Schedule C for Resnick Enterprises, LLC, by approximately $158,335 and

    (2)    overstating his deductions for his travel, meals and entertainment (lines 24a and 24b) by approximately $51,581, or understating his total income by approximately that amount by failing to report his travel-related reimbursements as part of his income.

## Count Ten

10. On or about October 15, 2014, in the Middle District of Florida and elsewhere, the defendant,

CHARLES R. RESNICK,

did willfully make and subscribe a 2013 U.S. Individual Tax Return, IRS Form 1040, filed with the Internal Revenue Service, which was verified by a written declaration that it was made under the penalties of perjury, and which said Form 1040 he did not believe to be true and correct as to every material matter, in that RESNICK materially understated his total income (line 22) by approximately $86,545 through

    (1)    understating his gross receipts or sales (line 1) on Schedule C for Resnick Enterprises, LLC, by approximately $27,500 and

(2)  overstating his deductions for his travel, meals and entertainment (lines 24a and 24b) by approximately $59,045, or understating his total income by approximately that amount by failing to report his travel-related reimbursements as part of his income.

All in violation of 26 U.S.C. § 7206(1).

## FORFEITURE

1. The allegations contained in Counts One through Six of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

            A TRUE BILL,

            _____
            Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
   Thomas N. Palermo
   Assistant United States Attorney

By: _____
   Rachelle DesVaux Bedke
   Deputy Chief, Economic Crimes Section
   Assistant United States Attorney

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### CHARLES R. RESNICK

## INDICTMENT

Violations:   18 U.S.C. § 1343 and 26 U.S.C. § 7206(1)

A true bill,

_____
Foreperson

Filed in open court this 11th day

of April 2019.

_____
Clerk

Bail $_____